# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**RUBEN RODRIGUEZ,**

       Petitioner,

v.                                              **Civil Action No. 5:23-CV-328**
                                                           Judge Bailey

**R. BROWN, WARDEN,** and **FCI GILMER,**

       Respondents.

## REPORT AND RECOMMENDATION

### I. Introduction

On October 30, 2023, the *pro se* petitioner, Ruben Rodriguez ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate who at the time of filing his petition was housed at FCI Gilmer in Glenville, West Virginia, and is challenging the application of time credits under the First Step Act and the legality of his sentence. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the petition be denied and dismissed.

1

## II. BACKGROUND[1]

### A. Conviction and Sentence

On October 28, 2009, and indictment was filed in the United States District Court for the Eastern District of Pennsylvania charging petitioner with one count of attempting to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Petitioner pleaded guilty on May 5, 2010, and on February 23, 2011, petitioner was sentenced to a term of 262 months imprisonment.

### B. The Instant Petition for Habeas Corpus Under § 2241

In his petition, petitioner brings two claims. First, petitioner alleges that the Bureau of Prisons ("BOP") has unlawfully denied him application of time credits he has earned under the First Step Act. Specifically, petitioner alleges that because his recidivism score is not "Low," he is being denied the credits he has earned until he can maintain a low recidivism score. Second, petitioner challenges the legality of his sentence, arguing that the application of the Career Offender enhancement is unlawful in his case, citing **Mathis v. U.S.**, 579 U.S. 500 (2016).

## III. Legal Standard

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **USA v. Rodriguez**, 2:09-CR-00695-JS (E.D. Pa. 2009). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.   Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. Discussion

### A.   Petitioner is not eligible to have time credits under the First Step Act applied because of his recidivism level.

Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A).

3

Time credits earned are applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). Prisoners are ineligible to **receive** time credits if they are serving a sentence for a conviction under one of several provisions of law set forth in 18 U.S.C. § 3632(d)(4)(D).

However, there is a distinction between earning time credits and the application of time credits. The application of time credits to prerelease custody or supervised release is governed by 18 U.S.C. § 3624(g). Section 3624(g)(1) sets forth the criteria for eligibility[2]:

> **(1) Eligible prisoners.**--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--
>
> **(A)** has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;
>
> **(B)** has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> **(C)** has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and
>
> **(D)(i)** in the case of a prisoner being placed in prerelease custody, the prisoner—
>
> **(I)** has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
>
> **(II)** has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that—

---

[2] The undersigned notes that an additional criteria for eligibility to apply credits is found in § 3632(d)(4)(E), which bars prisoners who are subject to a final order of removal under any provision of the immigration laws from applying time credits.

> **(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
>
> **(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
>
> **(cc)** the prisoner is unlikely to recidivate; or
>
> **(ii)** in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1).  Thus, a prisoner may be eligible under 18 U.S.C. § 3632(d) to earn and receive time credits but not be eligible to have those credits applied under 18 U.S.C. § 3624(g).

Here, petitioner acknowledges that he does not have a recidivism score of "low" or "minimum," but contends that FCI Gilmer has a policy in place to deny credits until a petitioner reaches and maintains a "low" recidivism score.  He contends that because he has been participating in programs or productive activities, "the facility should not 'put [the time credits] on a shelf' until his recidivism is 'low.'"  [Doc. 1 at 6].  However, because petitioner's score is not "low" or "minimum," he is unable to show that he is eligible to have his time credits applied under 18 U.S.C. § 3624(g).  "[T]he FSA expressly provides that while an inmate who has a PATTERN score of medium or high risk of recidivism is eligible to complete EBRR programs and PAs, the successfully completed programs and PAs are not applied towards the inmate's time credits until she has received a minimum or low risk PATTERN score for two consecutive assessments for prerelease custody and a minimum or low risk PATTERN score for the last reassessment for supervised released."  *See e.g.*, **Brown v. Garrett**, No. 722CV00551AMMJHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *report and recommendation adopted*, No. 722CV00551AMMJHE, 2023 WL

5

130519 (N.D. Ala. Jan. 9, 2023).  Thus, it plainly appears on the face of the petition that petitioner has failed to state a claim and that this claim should be dismissed.

**B.     Petitioner's challenge to the validity of his sentence is not authorized under 28 U.S.C. § 2241.**

Petitioner's second ground challenges the validity of his sentence, alleging that he no longer qualifies for a Career Offender enhancement.  Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  ***Fontanez v. O'Brien***, 807 F.3d 84, 85 (4th Cir. 2015).

Second or successive motions under § 2255 are only permitted when based on "newly discovered evidence," § 2255(h)(1) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2).  While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "saving clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Until recently, several courts, including the Fourth Circuit, had held that § 2255 was "inadequate or ineffective" when a prisoner sought relief based on a new interpretation of a criminal statute subsequent to petitioner's trial, appeal, and first § 2255 motion.[3]  However, the Supreme Court recently

---

[3] See ***In re Jones***, 226 F.3d 328, 333–34 (4th Cir. 2000) to challenge conviction; and ***United States v. Wheeler***, 886 F.3d 415, 428 (4th Cir. 2018) to challenge sentence.

held that "Section 2255(e)'s saving clause does not authorize that end-run around [Antiterrorism and Effective Death Penalty Act of 1996]." **Jones v. Hendrix**, 143 S. Ct. 1857, 1860 (2023). Instead, the saving clause is limited to "unusual circumstances in which it is impossible or impracticable for the prisoner to seek relief from the sentencing court." *Id*. at 1866. Absent these unusual circumstances, a petitioner is not permitted to proceed with challenges to his conviction or sentence under § 2241. *See Id*. at 1869 ("The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. **It means that he cannot bring it at all.** Congress has chosen finality over error correction in his case.") (emphasis added); *see also* **Hall v. Hudgins**, No. 22-6208, 2023 WL 4363658, at *1 (4th Cir. July 6, 2023) (unpublished) (per curiam) (following **Jones**, a petitioner cannot use § 2241 to bring a successive collateral attack on the validity of his sentence).

Petitioner has not shown that it is impossible or impracticable to present his claims to his sentencing court. Accordingly, petitioner cannot present his claims in a § 2241 petition, and this Court is without jurisdiction to entertain his claim. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE** as to his First Step Act claim and **DISMISSED WITHOUT PREJUDICE** for

lack of jurisdiction as to his challenge to the validity of his sentence.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: January 12, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE